THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND J. CRISPELL, Appellant.— These are appeals from two orders of the Supreme Court, Ulster County, one denying after a hearing and the other without a hearing the appellant's application for writs of error *coram nobis*. The appellant is presently imprisoned under a 1955 conviction on which he was sentenced as a fourth offender. His applications for a writ of *coram nobis* are directed to a 1935 conviction for grand larceny, second degree upon which he was sentenced as a second offender based on a 1928 conviction. The first application was made in 1955 and alleged that the appellant had not been advised of his right to counsel. A hearing was held at which the appellant testified that he had not been advised of his right to counsel and was not represented by

counsel. The indictment was introduced in evidence and on the back thereof the space provided for "counsel for defendant" was blank. The Clerk's minutes did not indicate that the appellant had been represented by counsel or advised of his right to counsel. The appellant also testified that he was positive he was only in court on March 28, 1935 but on being confronted with the Clerk's minutes he then remembered having been there on two occasions. The People presented the testimony of the court stenographer who testified that he did not recall the appellant's case but that it was the Judge's customary practice to advise defendants of their right to counsel. Both the Judge and the District Attorney were deceased. After this hearing the application was denied and a notice of appeal was filed. The appellant then made a new application in 1956. This was denied without a hearing on the ground that the application was identical to the one previously denied. However, between the two applications the defendant's 1928 conviction had been set aside and this was alleged in the second application. The appellant also filed a notice of appeal from the denial of this application. The appellant has a 1926 felony conviction and should have been sentenced as a third offender in 1935. The so-called documentary evidence presented by the appellant only indicates that he was not represented by counsel. On the issue of his not being advised of his right to counsel the appellant's testimony is opposed by that of the court stenographer. While the latter's testimony as to custom is not of a high probative value nevertheless the appellant's credibility was for the court below and his power of recollection and credibility having been found doubtful, the court could properly reject his testimony. Since the appellant's 1928 conviction, on which his sentence in 1935 as a second offender was based, had been vacated the court should have treated his 1956 application as a motion for resentencing, to which he was entitled. Order entered November 28, 1955 affirmed and order entered December 11, 1956 reversed on the law and the appellant remanded to the County Court of Ulster County for resentencing on the 1935 conviction, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.